No. 1647.—JEANNET QUERTIER & CO. *v.* Succession of CHARLES HILLE et al.

<div style="float:right">21  429<br>Case 2<br>j1151040</div>

Where real estate has been specially mortgaged, or the vendor's privilege has been duly recorded to secure the payment of the price, and the purchaser dies and his succession is opened in the Probate Court, an order of seizure and sale may issue from a court of ordinary jurisdiction against the succession, to enforce the mortgage rights, and the property mortgaged be seized and sold, and the same tribunal that authorizes the sale has jurisdiction over the proceeds thereof, and those entitled to them may claim them in such court, where their rights must be established.

Under the homestead law the surviving widow and children of the deceased husband have a superior mortgage and privilege on the proceeds of the sale of the property of the husband to the extent of one thousand dollars over all other creditors, except the vendor's privilege and the expenses of the sale. She may assert this privilege in a suit between the other mortgage creditors and the purchaser of the property before the court that granted the order of seizure and sale.

APPEAL from the Second District Court of New Orleans. *Thomas, J. Hornor & Benedict,* for plaintiffs and appellants. *A. Canonge* and *Cyprian Dufour,* for appellees.

HOWELL, J. In January, 1862, real property belonging to the successions of Joseph Allen and Charles Allen, was sold under executory process in this suit for a debt due plaintiffs as first mortgagees, by the

partnership which had existed between the said Allen & Hille. After satisfying plaintiff's demand a balance of $1852 88 of the proceeds remained. Francis Reynolds, as second mortgage creditor of said firm of Allen & Hille, and the administrator of Charles Hille, in January, 1864, took a rule on the purchaser, Louis Gerteis and Mrs. Marie Louise Allen, widow of Joseph Allen, and natural tutrix of the minor Allen, to show cause why said balance of $1852 88, with eight per cent. interest, should not be paid to them, the movers in the rule. In this proceeding, in which a curator ad hoc was appointed to represent Mrs. Allen, a final judgment was rendered in this court in January, 1866, affirming the judgment condemning Gerteis, the purchaser, to pay Reynolds $983 09, with interest at eight per cent. on one-half thereof from the twenty-ninth November, 1858, and on the other half from the twenty-ninth November, 1859, up to the date of final payment, and giving a non-suit as to the right of the representatives of the successions of the said two debtors to the balance of said purchase price. See 18 A. 65.

Reynolds issued execution on this judgment, and caused the property purchased by Gerteis to be seized, whereupon Gerteis, in May, 1866, enjoined the sale thereof, on the ground that since the rendition of the said judgment in favor of Reynolds, Mrs. Allen had instituted suit against him in the Sixth District Court of New Orleans for a sum of $926 44, to be paid with first privilege out of the balance of $1852 88 in his hands, and for the payment of which she claims a judgment against his said property. And, alleging that he can not be made liable beyond the price of his adjudication, he tenders in court the said balance due upon his property, and cites Francis Reynolds, widow Joseph Allen, J. P. Moore & Son, and Nicholson & Co., claiming privilege thereon, and asks the court to distribute the same among them according to their respective rights.

Reynolds answered that his judgment could only be satisfied by Gerteis on full payment without regard to any contesting claims, all of which he denied, as well as all the allegations of the petition, except his judgment and execution, and prayed for damages. Moore & Son pleaded the general issue, denying specially Mrs. Allen's claim to any of the fund deposited, alleging that Gerteis is responsible for interest thereon from the day of adjudication, and asking to be paid the residue after paying Reynolds. Mrs. Allen, as widow and tutrix, intervened as third opponent, claiming in her own name one-half of the fund deposited, by virtue of the privilege and mortgage securing her dotal rights, and in the event of her said claim being rejected she demands for herself and her minor child, who are in necessitous circumstances, the said sum under the homestead law. Default was taken as to Nicholson & Co.

By consent of parties, and without prejudice, Reynolds withdrew

one-half of said fund less fifty dollars, and the contest is in relation to the half alleged to be subject to the claim of the widow, or that of the widow and minor.

Judgment was rendered maintaining the injunction, discharging Gerteis from all liability to the defendants, canceling their privileges and mortgages resting on the said property purchased by him, and ordering the balance in the hands of the clerk, less the costs, to be paid to the curator of the widow, who was interdicted pending the proceedings, and the tutor minor; from which Reynolds appealed, and in this court Moore & Son join in the appeal.

On the trial below Reynolds moved to strike from the record the intervention and third opposition of Mrs. Allen, and to refuse to hear her herein, on the grounds:

"*First*, That she has no interest in this matter, which is a contest between Reynolds and Gerteis, into which no third party can be drawn.

"*Second*, That Mrs. Allen, if she has any cause of action, must assert it in the succession of her deceased husband, which is proved to have been opened, and cannot intervene here until her claim has been finally liquidated in her said husband's succession.

"*Third*, That said intervention and opposition comes too late, after all litigation between Reynolds and Gerteis has closed, and Reynolds has a final judgment in his favor, and stands with his execution in the premises of his debtor by the final decree of the tribunal of the last resort.

"*Fourth*, That the claim of the minor child of said Mrs. Allen is subject also to all of the foregoing objections."

The motion was overruled, and a bill of exceptions reserved:

I. The interest which Mrs. Allen has in this matter is manifest. She had instituted suit against Gerteis, the purchaser, for a portion of the fund deposited by him in this proceeding, and upon which she claims a privilege and mortgage, and to which others make claim also. C. P. 300, 301, 401, 402, 403.

II. As the law permits succession property to be sold under an order of seizure and sale from a court of ordinary jurisdiction, it permits those entitled to the proceeds thereof to, claim them in such court, where their rights thereto must be established, or a transfer thereof be made to a court specially vested with jurisdiction of the distribution of any residue. It may be, so far as this bill of exceptions is to be considered, that she has already liquidated her claim in the mortuary proceedings; but she is claiming a high privilege and mortgage on this particular fund, and must be heard.

III. The litigation between Reynolds and Gerteis, to which Mrs. Allen was not a party asserting the rights here involved and in the same capacity, cannot conclude her. Having his execution upon the property of Gerteis is evidence that the fund, upon which Mrs. Allen

asserts a privilege and mortgage, has not yet passed to his (Reynolds') possession, and that she has the opportunity to pursue it. The former proceeding, reported in 18 A., p. 65, did not determine finally the rights of the widow and minor. The question whether or not they were really parties to that proceeding was not raised; and it seems from the case as reported, and from the record thereof now before us, that Mrs. Allen, *as widow and natural tutrix*, was represented by a curator *ad hoc*, appointed on the motion of Reynolds himself. He then contended that Gerteis was bound to retain in his hands the residue of the purchase price for the benefit of the parties interested, and that his payment thereof to the sheriff was no payment in law, upon which the issue was made and decided; but no question was made as to the dotal rights of the wife or the homestead rights of the widow and child. They are not too late as long as they have not concluded themselves, and the fund subject to their rights may be reached by them, which is now the case.

IV. The foregoing applies to the claim of the minor. The District Judge did not err in entertaining the intervention and opposition of the widow and tutrix.

This brings us to the consideration of the claims to the balance still in the hands of the clerk of the court *a qua*.

The only property owned by the widow and minor, or either of them, at the date of the death of Allen or since, is the judgment of the wife against said Allen, her husband, recorded twenty-first January, 1860, in the parish of Orleans, and which proves to be valueless, as she intervened in the act of mortgage to Moore & Son, and renounced all her rights in their favor, and which renunciation inured to the benefit of Reynolds (10 R. 159, 12 A. 778), while they, the widow and minor, are shown to have been at the death of Allen, and to be yet in very necessitous circumstances. According to the terms of the homestead act, they have a preference over all other debts, except those for the vendor's privilege and expenses incurred in selling the property.

We think, under the circumstances, the District Judge made a proper disposition of said fund.

Judgment affirmed.

Rehearing refused.